IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GEORGINA SORAYDA LOPEZ NARVAEZ,

      Petitioner,

v.                                                                                  No. 2:26-cv-01509-KG-DLM

TODD LYONS, et al.,

      Respondents.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Levan Asatiani's pro se Petition for a Writ of Habeas Corpus, Doc. 1, and the Government's Response, Doc. 6.  For the reasons below, the Court denies the petition.

### I.  *Background*

Petitioner is a citizen of Nicaragua who entered the United States on September 21, 2022 without inspection or admission.  Doc. 6 at 1.  Immigration and Customs Enforcement ("ICE") arrested her on April 1 2026.  *Id.*  Petitioner remains detained at the Otero County Processing Center in New Mexico.  *Id.*  She received a bond hearing on April 23, 2026.  *Id.*  The Immigration judge ("IJ") denied Petitioner bond because she was found to be a flight risk, her "form of relief is speculative" and she "has a conviction for failure to appear."  Doc. 6-1 at 2.

Petitioner challenges her detention and bond denial, arguing that her previous bond hearing did not "result in a constitutionally adequate custody determination."  Doc. 1 at 1. Petitioner requests the Court order her immediate release or a "constitutionally adequate bond hearing."  *Id.* at 18.  The Government opposes relief, arguing that the Court "does not have jurisdiction" to review the IJ decision from April.  Doc. 6 at 1.

1

## II.    Analysis

The Immigration and Nationality Act ("INA") establishes distinct detention regimes depending on whether a noncitizen is "seeking admission" to the United States.  *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018).  Relevant here, § 1226(a) authorizes the arrest and detention, "on a warrant issued by the Attorney General," of noncitizens "pending a decision on whether [they are] to be removed."  Noncitizens detained under this second detention regime are "entitled to individualized bond hearings at the outset of detention."  *Velasquez Salazar*, 806 F. Supp. 3d 1231, 1239 (D.N.M. 2025).

The Court declines to grant relief because Petitioner received a bond hearing on April 23, 2026.  *See* Doc. 6-1.  At that hearing, the IJ considered the record and found that Petitioner failed to carry her burden of showing she is not a flight risk.  *Id.* at 1.  That is all § 1226 requires.  To the extent Petitioner challenges the IJ's discretionary denial of bond, that challenge is properly directed to the Board of Immigration Appeals.

## III.    Conclusion

The Court denies the Petition, Doc. 1.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.

2